Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**ERIC D. BLACKMAN**
Kendallville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTIAN D. REYES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A03-1305-CR-176 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE SUPERIOR COURT
The Honorable Robert E. Kirsch, Judge
Cause No. 57D01-1204-FA-3

**January 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Christian Reyes appeals his sentence for Class B felony burglary.  We affirm.

**Issue**

Reyes raises one issue, which we restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On April 9, 2012, eighteen-year-old Reyes, who was suspended from high school for fighting, was picked up by three friends.  Reyes had not told his parents that he was suspended, and he told his mother that he was going to school.[1]  In the van, the men started talking about burglarizing a house.  Eventually, they entered A.S.'s house, put ski masks on, and started taking items from the house.  A.S. was home from school because he was sick and was asleep in his bed.  Reyes and his friends kicked open A.S.'s bedroom door, and A.S. chased the men out of the house.  The men got into their van, and A.S. was holding the door handle, trying to open the door.  As the vehicle drove away, A.S. fell, injuring his knees, elbow, and hand.

The State charged Reyes with Class A felony burglary resulting in bodily injury. Reyes pled guilty to Class B felony burglary.  At the sentencing hearing, the trial court found that Reyes's young age, lack of a prior criminal history, his good family, and the fact that he was likely to be deported were mitigators.  The trial court found the fact that Reyes directed his friends to the neighborhood and the fact that the victim was injured

---

[1] Reyes claimed during the sentencing hearing that he was not suspended at that time and that he was skipping school with his friends.

2

were aggravators. The trial court sentenced him to ten years with two years suspended to probation. Reyes now appeals.

## Analysis

Reyes argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a

3

portion of the sentence was suspended.  Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that eighteen-year-old Reyes and three of his friends burglarized a house, stole items, and injured a teen resident of the house when he chased them.  Reyes points out that the victim's injuries were minimal and that the victim was not "terrified" by the burglary.  Tr. p. 62.  However, the victim also testified that he was "traumatized" by the incident but "you learn to live on."  Id.

As for the character of the offender, the record indicates that this was Reyes's first criminal offense and that he expressed remorse.  Although Reyes pled guilty, he obtained a significant benefit as a result of the guilty plea because he was facing a Class B felony rather than a Class A felony.  See Sensback v. State, 720 N.E.2d 1160, 1165 (Ind. 1999).  Reyes indicated that he was depressed over his immigration status.  One of his teachers indicated that, although Reyes hung out with the wrong crowd at school, wore gang colors, "talked-the-talk," and "had a chip on his shoulder," he had a desire to learn, was a curious student, and "was a good kid and student."  App. p. 61.

The trial court imposed the advisory sentence of ten years and suspended two years to probation.  See Ind. Code § 35-50-2-5.  Although Reyes requests that we revise his executed sentence to less than eight years, we must give due consideration to the trial court's decision.  Given the home invasion-type burglary, we cannot say that the sentence imposed by the trial court is inappropriate.

## Conclusion

The sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.